UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESMOND McGILL, | ) Case No. CV 09-1361-VBF(RC) |
| Petitioner, | ) |
| vs. | ) |
| | ) OPINION AND ORDER ON A |
| STATE OF CALIFORNIA,[1] | ) PETITION FOR HABEAS CORPUS |
| Respondent. | ) |

   On March 5, 2009, petitioner Desmond McGill, a person in state custody proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254,[2] challenging his conviction and

---

[1] Although petitioner has not named the proper respondent, see Rule 2(a) ("If the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody."), it would be futile to order him to amend the petition to do so when he has not exhausted his claims.

[2] This petition is **identical** to the habeas corpus petition filed on February 13, 2009, McGill v. State of California, case no. CV 09-1073-VBF(RC) ("McGill I"), which was dismissed without prejudice on February 20, 2009, due to petitioner's failure to exhaust his state court remedies.  Thus, the rationale of McGill I applies here.

sentence for carjacking and robbery in Los Angeles Superior Court case no. SA065045.  Petition at 2.  The petition shows on its face that petitioner did not timely appeal his state court judgment, and thus, did not seek review in the California Supreme Court.  Petition at 2-3.  Further, petitioner has brought habeas corpus petitions only in the Superior Court, and has not sought habeas relief in the California Supreme Court.  Petition at 4.

## DISCUSSION

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court.  28 U.S.C. §§ 2254(b) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842-43, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999); Rose v. Lundy, 455 U.S. 509, 515-16, 102 S. Ct. 1198, 1201-02, 71 L. Ed. 2d 379 (1982); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 984-85 (9th Cir.), cert. denied, 119 S. Ct. 274 (1998).  "The exhaustion-of-state-remedies doctrine, now codified [at] 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971) (internal quotation marks, citations and footnote omitted); O'Sullivan, 528 U.S. at 844-45, 119 S. Ct. at 1732; Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996).  "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."  Lundy, 455 U.S. at 518, 102 S. Ct. at 1203.

//

1  Here, petitioner did not petition the California Supreme Court
2 for review and has not petitioned the California Supreme Court for
3 collateral relief. Since petitioner's claims have not been exhausted
4 in the state courts, the pending habeas petition must be dismissed
5 without prejudice. Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct.
6 2546, 2554-55, 115 L. Ed. 2d 640 (1991); Lundy, 455 U.S. at 522, 102
7 S. Ct. at 1205.

9  Rule 4 of the Rules Governing Section 2254 Cases in the United
10 States Courts provides that "[i]f it plainly appears from the petition
11 and any attached exhibits that the petitioner is not entitled to
12 relief in the district court, the judge must dismiss the petition and
13 direct the clerk to notify the petitioner." The instant petition
14 shows that petitioner has not exhausted his state court remedies
15 regarding the claims in the pending petition; thus, the petition must
16 be dismissed without prejudice.

**ORDER**

IT IS ORDERED that Judgment be entered DISMISSING without prejudice the petition for writ of habeas corpus.

IT IS FURTHER ORDERED that the Clerk of Court shall notify petitioner of the dismissal without prejudice.

DATE: March 9, 2009

/s/ Valerie Baker Fairbank
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

PRESENTED BY:
DATE: March 6, 2009

/S/ Rosalyn M. Chapman
ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE
R&Rs-MDOs\09-1361.mdo - 3/6/09